Filed 10/6/23  P. v. Williams CA6

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARTEL CHARROD WILLIAMS,<br><br>    Defendant and Appellant. | H050287<br>(Santa Clara County<br> Super. Ct. No. C1239917) |

Martel Charrod Williams appeals from a trial court order denying the recommendation of the Secretary of the California Department of Corrections and Rehabilitation (CDCR) to recall his sentence under Penal Code section 1170, subdivision (d)(1)[1] (hereafter section 1170(d)(1)) and resentence him.  Williams contends that, under section 1172.1 (section 1170(d)(1) as amended and renumbered),[2] the trial court erred by

---

[1] Unspecified statutory references are to the Penal Code.

[2] Effective January 1, 2022, pursuant to Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Assembly Bill 1540), the Legislature amended section 1170(d)(1) to redesignate it as section 1170.03 and to clarify "the Legislature's intent regarding procedural requirements and the provision's application."  (*People v. McMurray* (2022) 76 Cal.App.5th 1035, 1038 (*McMurray*); Stats. 2021, ch. 719, §§ 1(i) & 3.)  The Legislature later renumbered section 1170.03 to section 1172.1, with no change to the text of the statute.  (Stats. 2022, ch. 58, § 9, eff. June 30, 2022.)  We refer to the current version of the provision as section 1172.1, and we cite "former section 1170(d)(1)" to refer to the provision as it read prior to the effective date of Assembly Bill 1540.

not (1) granting him a hearing on the recommendation of the Secretary of the CDCR (Secretary), (2) appointing counsel to represent him, and (3) recognizing the presumption in favor of recall and resentencing. The Attorney General concedes that the trial court's order must be reversed and the matter remanded to the trial court for a hearing. We agree and order the matter remanded for reconsideration under section 1172.1.

## I. FACTS AND PROCEDURAL BACKGROUND

In 2013, Williams pleaded no contest to seven counts of robbery (§ 211) and two counts of false imprisonment (§§ 236, 237). Williams admitted the firearm enhancement (§ 12022.53) and gang enhancement (§ 186.22) allegations attached to the robbery counts, and the gang enhancement allegations attached to the false imprisonment counts. The trial court sentenced Williams to 17 years, 4 months in prison. Of those 17 years, 4 months, the majority of Williams's sentence (13 years, 4 months) was imposed on the firearm enhancements attendant to the robbery counts.

On April 12, 2021, the Secretary filed a letter with the trial court pursuant to former section 1170(d)(1) recommending recall of Williams's sentence and resentencing because a January 1, 2018 amendment to section 12022.53, subdivision (h) revised the sentencing court's obligation to impose firearm enhancements in connection with certain felonies. The amendment empowered courts to use their "discretion to strike or dismiss a personal use firearm enhancement at sentencing or resentencing . . . in the interest of justice." The Secretary attached various documents to the letter, including documents setting forth Williams's participation in work assignments, education, and self-help activities, as well as his prison disciplinary record.

On May 14, 2021, without holding a hearing on the matter, the trial court issued an order in which it declined to recall Williams's sentence, stating "The sentencing court in this matter imposed a sentence that served the interests of justice. There is no basis presented to this court at this time to disturb those now final sentencing orders." This order was served on the district attorney, the public defender, and the Secretary, but not

2

on Williams. In subsequent orders filed July 2, 2021, and April 21, 2022, responding to correspondence from Williams's counsel and to a petition for resentencing filed by Williams himself, the trial court denied Williams's counsel's submission and Williams's petition, respectively, relying on and attaching its earlier May 14, 2021 order. Williams did not timely appeal any of these orders.

On October 24, 2022, this court granted Williams's unopposed application for relief from default for failure to file a timely notice of appeal and permitted him to file a belated notice of appeal of the trial court's order denying recall.[3] On October 26, 2022, Williams filed a notice appealing the May 14, 2021 order.

## II. DISCUSSION

Williams contends the trial court erred under section 1172.1. Specifically, Williams argues the court erred when it (1) denied the recall request without a hearing, (2) did not appoint counsel to represent him, and (3) denied him "the presumption in favor of recall and resentencing" without "a finding that [he] posed 'an unreasonable risk of danger to public safety.' "

The Attorney General "concedes this court should reverse the order denying the recall and remand the matter for reconsideration of the [Secretary]'s request."

A. *Former Section 1170(d)(1) and Section 1172.1*

1. Former Section 1170(d)(1)

At the time of the trial court's May 14, 2021 order, former section 1170(d)(1) granted the court the authority to "recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced," and authorized the court to recall and resentence "at any time upon the

---

[3] A "trial court's denial of recall is an appealable order" (*People v. E.M.* (2022) 85 Cal.App.5th 1075, 1086 (*E.M.*)) and "within the scope of this court's authority and jurisdiction." (*Id*. at pp. 1086–1087.)

recommendation of the secretary."[4]  (Former § 1170(d)(1).)  When resentencing, the court could "reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice," and "consider postconviction factors."  (*Ibid*.)

2.  Section 1172.1

In response to "incorrect[] interpret[ations]" of former section 1170(d)(1) by the courts (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041), the Legislature amended former section 1170(d)(1)[5] by enacting Assembly Bill 1540, which took effect on January 1, 2022.  (Stats. 2021, ch. 719, § 3.)

Section 1172.1, subdivision (a)(1) grants the trial court authorization "at any time upon the recommendation of the secretary" to "recall the sentence and commitment previously ordered and resentence" a defendant "in the same manner as if they had not previously been sentenced."  (§ 1172.1, subd. (a)(1).)

The Legislature added language to section 1172.1 to specify a defendant's procedural rights in connection with a recall request, including the right to a hearing: "Resentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."  (§ 1172.1, subd. (a)(8).)  In addition, when the court grants or denies recall and resentencing, it must "state on the record the reasons for its decision."  (*Id.*, subd. (a)(6).)

Moreover, in the event of a resentencing request from the Secretary pursuant to section 1172.1, subdivision (a), the statute requires the court to "provide notice to the defendant and set a status conference within 30 days after the date that the court received

---

[4] "The CDCR recommendation furnishes the court with jurisdiction it would not otherwise have to recall and resentence and is 'an invitation to the court to exercise its equitable jurisdiction.' " (*McMurray*, *supra*, 76 Cal.App.5th at p. 1040, quoting *People v. Frazier* (2020) 55 Cal.App.5th 858, 866.)

[5] As discussed *ante* (fn. 2), Assembly Bill 1540 also renumbered former section 1170(d)(1) as section 1170.03.  The Legislature later further renumbered the statute as section 1172.1.

the request," and to "appoint counsel to represent the defendant." (§ 1172.1, subd. (b)(1).) When the resentencing request comes from the Secretary, there also "shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18." (*Id.*, subd. (b)(2).)

B. *Analysis*

We apply the abuse of discretion standard to a trial court's denial of the request to recall a sentence. (*E.M.*, *supra*, 85 Cal.App.5th at p. 1082.) We review questions of statutory interpretation de novo. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387.)

1. Authorization to Recall and Resentence

Under both former section 1170(d)(1) and section 1172.1, the trial court was and is authorized to recall Williams's sentence and resentence him at any time after receipt of the Secretary's recommendation. (*People v. Pillsbury* (2021) 69 Cal.App.5th 776, 782, 785–786 [applying former § 1170(d)(1)]; see also *E.M.*, *supra*, 85 Cal.App.5th at pp. 1083, 1090 [applying § 1172.1].)

The Secretary's recommendation to recall Williams's sentence was based on Senate Bill No. 620 (2017-2018 Reg. Sess.), which gave sentencing courts the discretion to "strike or dismiss an enhancement otherwise required to be imposed by" section 12022.53, including firearm enhancements. (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2.) "The authority provided by [subdivision (h) of section 12022.53] applies to any resentencing that may occur pursuant to any other law." (§ 12022.53, subd. (h); Stats. 2017, ch. 682, § 2.) Williams's sentence included such enhancements, and, thus, falls within the ambit of the court's recall and resentencing authority under former section 1170(d)(1) and section 1172.1.

5

2. Assembly Bill 1540 and Section 1172.1

Although Assembly Bill 1540 had not been enacted when the trial court first considered the Secretary's recommendation regarding Williams, the Legislative history of Assembly Bill 1540 makes clear that the Legislature intended to correct what it viewed as courts' misinterpretations of former section 1170(d)(1). (*McMurray*, *supra*, 76 Cal.App.5th at p. 1041.) As Assembly Bill 1540 is a clarification, rather than a substantive revision of former section 1170(d)(1), section 1172.1 applies to the trial court's consideration of the Secretary's recommendation to recall Williams's sentence. (*McMurray*, at p. 1038.)

Section 1172.1, subdivision (a)(8) states that "[r]esentencing shall not be denied . . . without a hearing where the parties have an opportunity to address the basis for the intended denial or rejection."[6] (§ 1172.1, subd. (a)(8).) When the recall and resentencing request comes from the Secretary, under subdivision (b)(1) of section 1172.1, "[t]he court shall provide notice to the defendant and set a status conference within 30 days after the date that the court received the request," and, in that "order setting the conference," the court "shall also appoint counsel to represent the defendant." (§ 1172.1, subd. (b)(1).) The plain language of the statute thus requires the court considering a recall and resentencing request from the Secretary to provide notice to the defendant, set a hearing date, hold a hearing, and appoint counsel to represent the defendant.

In addition, under subdivision (b)(2) of section 1172.1, when the recall and resentencing request comes from the Secretary, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the

---

[6] The only exception to this requirement in section 1172.1 is set forth in subdivision (a)(7): "Resentencing may be granted without a hearing upon stipulation by the parties." (§ 1172.1, subd. (a)(7).) The parties in this case did not so stipulate.

defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18." (§ 1172.1, subd. (b)(2).)

The procedure followed by the trial court in this case did not comply with section 1172.1 in several respects. The court neither granted Williams a hearing nor appointed counsel to represent him. The trial court also failed to provide notice to Williams. A trial court decision based on an error of law constitutes an abuse of discretion. (*In re Butler* (2018) 4 Cal.5th 728, 743.)

We conclude that the trial court abused its discretion in denying recall without first conducting a hearing and appointing counsel to represent Williams. Accordingly, we will reverse the trial court's order denying recall and remand for the trial court to consider the matter under section 1172.1. (See *McMurray*, *supra*, 76 Cal.App.5th at p. 1038.)

## III. DISPOSITION

The trial court's order denying recall is reversed, and the matter is remanded to the trial court with directions to conduct further proceedings in accordance with Penal Code section 1172.1 to determine whether to recall Williams's sentence and resentence him.

_____
                    Danner, J.



WE CONCUR:




_____
Bamattre-Manoukian, Acting P.J.




_____
Bromberg, J.




**H050287**
*People v. Williams*